DANIEL G. KNAUSS
United States Attorney
District of Arizona

THOMAS C. SIMON
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 3857
Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>   v.<br><br>Marvin Tona,<br><br>            Defendant. | CR-06-0812-PHX-ROS<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and defendant, Marvin Tona, hereby agree to the following disposition of this matter:

**PLEA**

Defendant will plead guilty to CIR-Voluntary Manslaughter as a lesser included offense of the charge in the indictment in violation of Title 18, United States Code, Sections 1153 and 1112, a Class C felony offense.

**TERMS**

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

1. **MAXIMUM PENALTIES**

   a. A violation of Title 18, United States Code, Section 1112, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 10 years, or both and a term of supervised release of 3 years.

   b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

   (1) Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

   (2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein;

   (3) Order the defendant, pursuant to Title 18, United States Code, Section 3583 to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

   c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. **AGREEMENTS REGARDING SENTENCING**

   a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the court not depart upward from the applicable advisory Guideline range. There are no further agreements regarding sentencing and the parties are free to make any recommendations to the court they believe are appropriate.

      b.     If the court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

      c.     Defendant understands that the court is neither a party to nor bound by this agreement and specifically that any recommendation from the United States is not binding on the court, and the court may impose any sentence provided for by law. Defendant further understands that if the court imposes a sentence different from what the United States recommends the defendant will not be permitted to withdraw the guilty plea.

      d.     The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

      e.     Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a three-point reduction in the applicable sentence guideline offense level, pursuant to Section 3E1.1 of the Guidelines.

**3.**    **AGREEMENT TO MAKE RESTITUTION**

Defendant specifically agrees to make restitution to the victim's family in an amount determined appropriate by the court.

**4.**    **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

      a.     Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will not prosecute the defendant for any further offenses committed by the defendant, and known by the government, in connection with the death of Raymond Anderson on June 1, 2006..

//

This agreement does <u>not</u>, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

b. The United States is not presently aware of any other federal/ state investigations or charges.

## 5. WAIVER OF DEFENSES AND APPEAL RIGHTS

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

## 6. PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

//

//

## 7. REINSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

## 8. DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE

a. The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department including, but not limited to:

(1) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(2) All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(3) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

### ELEMENTS - VOLUNTARY MANSLAUGHTER

First, the defendant unlawfully killed the victim;

Second, while in a sudden quarrel or heat of passion, caused by adequate provocation, the defendant killed the victim recklessly with extreme disregard for human life;

Third, the killing occurred on or about June 1, 2006, in the District of Arizona, within the confines of the San Carlos Apache Indian Reservation; and

Fourth, the defendant is an Indian.

Heat of passion may be provoked by fear, rage, anger or terror. Provocation, in order to be adequate, must be such as might arouse a reasonable and ordinary person to kill someone.

## **FACTUAL BASIS**

I further admit that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On June 1, 2006, defendant Tona, an Indian and an enrolled member of the San Carlos Apache Indian Reservation, co-defendant Richard Michael Rodriguez Jr., and victim Raymond Anderson were all consuming alcohol at the home of Tona's mother, located in Bylas, Arizona, on the San Carlos Apache Indian Reservation. While there, defendant and Rodriguez mistakenly thought the victim had assaulted Tona's mother by pushing her to the ground. Both defendant and Rodriguez, in the heat of passion provoked by anger and with extreme disregard for human life, then began to recklessly hit, kick and stomp victim Anderson in the head and upper torso areas, even after victim Anderson had fallen to the ground and offered no resistance. The victim died at the scene. The medical examiner opined the victim died of blunt force trauma to the torso with a laceration of the liver and bilateral rib fractures, all as a result of the assault by the defendant and Rodriguez.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

//

//

## **DEFENDANT'S APPROVAL AND ACCEPTANCE**

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as

to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

4/19/07
Date

*Marvin Tona* (signature)
MARVIN TONA
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/19/07
Date

*Jane McClellan* (signature)
JANE MCCLELLAN
Attorney for Defendant

8

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DANIEL G. KNAUSS
United States Attorney
District of Arizona

9/19/07
Date

THOMAS C. SIMON
Assistant U.S. Attorney

**COURT'S ACCEPTANCE**

9/11/07
Date

ROSLYN O. SILVER
United States District Judge